**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHRIS F. PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-0521 (UNA) |
| | ) | |
| | ) | |
| SHERIFF DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motion for temporary restraining order (ECF No. 3). The Court will grant the application, dismiss the complaint without prejudice, and deny the motion as moot.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis

1

placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint's rambling contents describe assaults plaintiff suffered while detained in the District of Columbia and Cleveland, Ohio, interviews by agents of the Federal Bureau of Investigation, and attempts to communicate with a judge in Cuyahoga County, Ohio, among other matters.  *See generally* Compl., Attach. (ECF No. 1-1).  It does not set forth a short and plain statement of a claim showing that plaintiff is entitled to relief for the alleged violation of rights protected under the First, Fourth, Fifth, Eighth and Fourteenth Amendments, *see* Compl. (ECF No. 1) at 3, or a basis for plaintiff's demand for compensatory and punitive damages, *see id*. at 4.  As drafted, the complaint fails to comply with Rule 8 and therefore will be dismissed, and his motion for injunctive relief will be denied without prejudice as moot. An Order is issued separately.

DATE: April 27, 2026                    /s/
                                        RUDOLPH CONTRERAS
                                        United States District Judge

2